NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Bankruptcy Case No. 08-24396 |
| FELICIANA CAREY | Chapter 7 |
| Debtor | |
| | |
| NEW JERSEY DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT, Division of Unemployment and Disability Insurance | |
| Plaintiff, | |
| vs. | Adversary No. 08-2934 |
| FELICIANA CAREY | |
| Defendant | Trial Date: 2/9/10 |
| | **MEMORANDUM OPINION** |

**APPEARANCES**

James M. Bennett, Esquire
Attorney General of New Jersey
R.J. Hughes Justice Complex
PO Box 119
Trenton, New Jersey 08625-0119
Attorney for Plaintiff, New Jersey Department of Labor and Workforce,
Division of Unemployment and Disability Insurance

Patrick Moscatello, Esquire
90 Washington Street
Long Branch, New Jersey 07740
Attorney for Debtor/Defendant, Feliciana Carey

The New Jersey Department of Labor and Workforce Development, Division of Unemployment and Disability Insurance ("DOL") seeks a finding of nondischargeability pursuant to 11 U.S.C. § 523(a)(2).[1]  The Court tried the matter on February 9, 2010, and reserved decision. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

Feliciana Carey defrauded the DOL. On this, and on all but one element under §523(a)(2)(A), the parties agree.  The only point of contention is whether Ms. Carey did so with the requisite intent.

At trial, Feliciana Carey was the only witness presented by either party. Ms. Carey is a 70 year old woman who has lived in this country for over forty years. Sh speaks and hears English to a reasonable degree of competency, but her understanding of written English is somewhat compromised. Ms. Carey initially applied for unemployment benefits in person, but sought subsequent benefits through a pre-recorded telephone questionnaire that asked if she worked in the preceding weeks. On all but one occasion, she pressed the number 2 to indicate that she was not working.

When questioned by a human being at her initial interview, Ms. Carey indicated that she was working part time as often as she could find work. When the machine asked "Are you working?" Ms. Carey indicated she was not. She testified that she was confused because she thought the question referred to full time work, and she was not working full time. In fact, she was working part time, but the work was not steady or predictable. Had Ms. Carey answered the question posed by

---

[1] The complaint also sought a determination of nondischargeability pursuant to § 523(a)(7), but the Plaintiff abandoned that cause of action at trial.

the machine "yes," she would have been directed to a different portion of the "tree" that would have clarified how much she was working, and it appears likely that she would have remained eligible for benefits for many of the weeks in question, albeit at a lower rate.

Ms. Carey admitted that the DOL had given her a booklet explaining the unemployment process to her, but that she did not read it. The booklet indicated that translation services were available. Ms. Carey did not ask for an interpreter, and made no other effort to reach out to resources that were clearly available.

The issue of intent requires actual or positive intent. *See,* Palmacci v. Umpierrez, 121 F.3d 781, 789 (1st Cir. 1997)(there must "be an actual finding of intent to deceive"); In re Mayerson, 254 B.R. 407, 411 (Bankr. N.D. Ohio 2000); In re Young, 181 B.R. 555, 558 (Bankr. E.D. Ok.1995). At the time of the representation, a defendant must have intended by his representation to deceive the plaintiff. In re White, 128 Fed. Appx. 954, 998-99 (4th Cir. 2005); In re Rubin, 875 F.2d 755 (9th Cir.1989). Since intent to defraud or deceive is rarely admitted, the intent to deceive may be inferred from the surrounding facts and circumstances of the case. White at 999; In re Atkinson, 14 Fed. Appx. 960, 962 (9th Cir. 2001); In re Van Horne, 823 F.2d 1285, 1287 (8th Cir.1987); In re Reynolds, 193 B.R. 195, 200 (D.N.J. 1996).

A reckless disregard of the accuracy of the information is not determinative, but has bearing on an intent to deceive. *See, e.g.*, In re Cohen, 191 B.R. 599, 605 (D.N.J. 1996), *aff'd,* 106 F.3d 52 (3d Cir.1997), *aff'd*, 523 U .S. 213  (1998)); In re Costanzo, 2006 WL 2460639, *4 (Bankr. D.N.J. Aug. 23, 2006) (" 'Intent to deceive may be inferred from the totality of the circumstances, including a reckless disregard for the truth.' "); In re Schroeder, 2006 WL 4452975, * 13 (Bankr. D.N.J. Mar.

31, 2006).

In this instance, both parties cite the court to In re Chen, 227 B.R. 614 (Bankr. D.N.J. 1998). Chen involved circumstances somewhat similar to those presented here. Unlike Ms. Carey, Mr. Chen knew very little English and was unable to read it. Mr. Chen obtained the help of a friend to file his claim for benefits. The facts presented in Chen did not support even a finding of reckless disregard, because Mr. Chen did try to obtain help, and did respond to the DOL's efforts to obtain a judgment against him.  Unlike Ms. Carey, it does not appear that Mr. Chen was using an automated system, but was responding to questions posed by a form and by an individual. At the same time, both Ms. Carey and Mr. Chen had compromised English comprehension and both were given the DOL's booklet explaining the difference between full and part-time work. What is particularly relevant, however, is that Chen held that intent to deceive for § 523(a)(2)(A) purposes could not be inferred from even a "knowing" misrepresentation because such could result from a "mistaken belief." The Bankruptcy Court in Chen held that while Mr. Chen, like Ms. Carey, had submitted demonstrably false information to the DOL and while he would not be able to escape liability for the erroneous payment on the basis of his inability to understand English, the Bankruptcy Code required specific intent to deceive that could not be inferred from the circumstances presented.

Although Ms. Carey apparently understood more English than Mr. Chen and did not respond to the state court action initiated by the DOL, this court is compelled to reach the same conclusion. The court had an opportunity to observe Ms. Carey's demeanor and watch as the lawyers probed her testimony for inconsistencies. While Ms. Carey was negligent, perhaps even recklessly indifferent,

the totality of the testimony presented does not suggest a specific intent to defraud the DOL. Ms. Carey convincingly testified that she misinterpreted the question so thoroughly that she did not even realize she was misinterpreting it. Her take on the question was buttressed by her testimony that she had already told the live person she spoke to that she was working part time sporadically and further supported by the undisputed fact that she was dealing with a machine that could not sense any hesitation or confusion she might have had, and could not answer any question she might have had about what exactly the question was asking. The DOL argues that the system relies heavily on the honesty of the answers to the machine-posed questions, and that is surely the case. That fact does not overcome the fact that Ms. Carey is not a native speaker and was actually confused by the questions posed by the system, no matter how clearly the requirement may have been laid out in English. Ms. Carey had no way of knowing what follow up questions would have ensued if she had answered "yes" she had worked rather than "no." The question would be considerably more clear if it had asked something like: Press "1" if you worked full time; Press "2" if you worked part time; Press "3" if you did not work at all. That would give a clear indication of the range of options available as answers, much as the bi-weekly form that Mr. Chen signed did.

Because the court concludes that Ms. Carey did not have the requisite intent under § 523(a)(2)(A), judgment will be entered in her favor. Attorney for the Defendant should submit a form of judgment.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge

Dated: March 11, 2010

5